**Rafael SAENZ, Appellant,**

v.

**DAVID & DAVID CONSTRUCTION CO., INC., Appellee/Cross–Appellant,**

v.

**Robert C. Arredondo, Individually and d/b/a United Erectors, Cross–Appellee.**

No. 04–99–00804–CV.

Court of Appeals of Texas, San Antonio.

May 30, 2001.

Rey Perez, Tinsman & Houser, Inc., San Antonio, for Appellant.

Edward C. Mainz, Jr., MaryAnn Bailey, Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, Vaughan E. Waters, Thornton, Summers, Biechlin, Dunham & Brown, L.C., Corpus Christi, Gordon O. Stafford, Jr., Burns, O'Gorman, Black & Weyland, L.L.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN and KAREN ANGELINI, Justices.

Opinion by: KAREN ANGELINI, Justice.

This is an appeal from a jury trial. Based upon the jury's findings, the trial court entered a final judgment granting Rafael Saenz judgment against Robert C. Arredondo, Individually and d/b/a United Erectors and entered a take-nothing judgment in favor of David & David Construc-

tion Co., Inc. (David & David). Saenz brings this appeal complaining only of the take-nothing judgment in favor of David & David. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Saenz was assigned by his employer, Agency Services, to work for United Erectors, a subcontractor of David & David. While constructing a building, Saenz was hit on the head and knocked off the roof by panels being lifted to the roof by a crane operated by United Erectors. Saenz fell fifteen to twenty feet from the roof of the building onto a concrete floor below. The injuries he sustained as a result of the fall provide the basis for his claim. At trial, Saenz requested that both a broad-form negligence question and a premises defect question as to David & David's liability be submitted to the jury. The trial court submitted only a broad-form negligence question, and denied Saenz's request to submit a premises defect question. This denial is Saenz's sole issue on appeal.

## STANDARD OF REVIEW

Saenz argues the trial court erred by refusing to submit a separate liability question as to David & David for a premises defect theory of recovery.

■■■■ We review an alleged error in the jury charge for an abuse of discretion. *Louisiana–Pacific Corp. v. Knighten,* 976 S.W.2d 674, 676 (Tex.1998); *Texas Dep't of Human Servs. v. E.B.,* 802 S.W.2d 647, 649 (Tex.1990). An abuse of discretion occurs when the trial court acts without reference

to any guiding principle. *E.B.,* 802 S.W.2d at 649. In the absence of a showing of a clear abuse of discretion, reversal is not proper because a requested issue or instruction is refused. *Gunn Buick, Inc. v. Rosano,* 907 S.W.2d 628, 632 (Tex.App.— San Antonio 1995, no writ). However, reversal is warranted when the trial court denies a proper submission of a valid theory of recovery raised by the pleadings and evidence. *Exxon Corp. v. Perez,* 842 S.W.2d 629, 631 (Tex.1992).

## DISCUSSION

Saenz contends that David & David was negligent in failing to provide or require a fall protection system on the roof from which Saenz fell. This failure, according to Saenz, constituted a premise defect which posed an unreasonable risk of harm of which David & David was aware. Saenz argues the trial court should have submitted a premises defect question which would have included the *Corbin* elements [1] to the jury because the question was supported by the pleadings and the evidence and he tendered the question in a substantially correct form.

David & David, on the other hand, contends that a premises defect theory of liability was not pled or proved and further, that Saenz failed to correctly tender the question to the court. Saenz argues the pleadings sufficiently notified David & David of a premises defect cause of action. Additionally, Saenz points out David & David failed to file special exceptions to his second amended petition; therefore, the pleadings must be liberally construed.

1. In *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983), the Texas Supreme Court set out the following elements: (1) that the defendant had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an

unreasonable risk of harm to plaintiff; (3) that the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) that defendant failure to use such care proximately caused plaintiff's personal injuries.

Since no special exceptions to the pleadings were filed, we construe the pleadings liberally in favor of the pleader. *Attorney General of Texas v. Lavan*, 833 S.W.2d 952, 954 (Tex.1992); *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977). The trial court looks to the pleader's intent and supplies every fact "that can reasonably be inferred from what is specifically stated." *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). Without special exceptions, the court will uphold the pleading even if an element of a cause of action is omitted. *Id.*

Generally, a petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Roark*, 633 S.W.2d at 810; *Rosano*, 907 S.W.2d at 631. Saenz's pleadings stated the following:

"Further, Plaintiff, RAFAEL SAENZ, states that the incident was caused when he was knocked off from [sic] a building by a crane and fell approximately 16 feet onto a concrete slab. Plaintiff was not provided a safety line which would have prevented his fall. The manner in which Plaintiff was performing his work was unsafe. Defendant, DAVID & DAVID CONSTRUCTION COMPANY, INC., had the overall responsibility for safety on the job site and owed a duty of reasonable care to the Plaintiff. Defendant, DAVID & DAVID CONSTRUCTION COMPANY, INC.'s negligence, as stated above, was the proximate cause of Plaintiff's injuries and damages."

There are two types of premises liability for which a general contractor may be responsible: (1) negligent activity and (2) premises defect. *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex.1997). Saenz's pleading gave notice that he was claiming a premises liability theory of recovery. Although he did not specifically state he was claiming his injuries were due to negligent activity or premises defect, he did include adequate facts upon which he based his claim. For these reasons and because David & David did not file special exceptions, we find the pleadings were sufficient to maintain a premises defect cause of action.[2]

We now turn to the issue of whether Saenz proved a premise defect to support the submission of a premise defect jury question. As stated previously, there are two types of premises liability for which a general contractor may be liable: (1) that arising from a premises defect; and (2) that arising from an activity on the premises. *Olivo*, 952 S.W.2d at 527. This distinction between negligent activity and premises defect claims is well established in Texas. *Sibai v. Wal–Mart Stores, Inc.*, 986 S.W.2d 702, 706 (Tex.App.—Dallas 1999, no pet.).

The first type of negligence, premises defect, involves a condition of the premises. *Olivo*, 952 S.W.2d at 526, 527 (finding where the plaintiff fell and landed on his back on one of several drill pipe

**2.** The Dallas Court of Appeals found a negligent activity claim and premises defect claim advanced by the following petition language:
Plaintiff's injuries and resulted [sic] damages were a direct and proximate result of the *negligence* of Defendant and/or Defendant's employee in one or more of the following respects:
1) In striking the Plaintiff while she was paying for her merchandise.

2) In failing [to] adequately warn Plaintiff that she would be struck unless she moved out of the way while she was paying for her merchandise.
*Sibai v. Wal–Mart Stores, Inc.*, 986 S.W.2d 702, 707 (Tex.App.—Dallas 1999, no pet.) (emphasis added).

thread protectors that had been left on the ground involved a premises defect the independent contractor created rather than a negligent activity); *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 98–99 (Tex.2000) (concerning injuries sustained when steps to supply shed swayed as plaintiff was delivering a heavy box); *Dallas Mkt. Ctr. Dev. Co. v. Liedeker*, 958 S.W.2d 382, 383 (Tex.1997) (involving injuries caused by an entry gate on a hotel freight elevator), *overruled on other grounds, Torrington Co. v. Stutzman*, 44 Tex. Sup.Ct. J. 225, 2000 WL 1862923 (Dec. 21, 2000). Logically, a claim the premises themselves are unsafe is a premises defect claim. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992) (holding that a slip on a wet floor involved a condition of the premises); *Wal–Mart Stores, Inc. v. Bazan*, 966 S.W.2d 745, 747 (Tex.App.—San Antonio 1998, no pet.) (finding a sharp blade left on the parking lot was a condition of the premises).

■ In contrast, negligent activity is asserted when the injuries are sustained by or as a contemporaneous result of the activity itself. *Keetch*, 845 S.W.2d at 264; *see generally Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex.1985) (stating where the plaintiff's finger was crushed while moving dirt was a negligent activity case, not a premises defect case); *Laurel v. Herschap*, 5 S.W.3d 799, 802 (Tex.App.—San Antonio 1999, no pet.) (holding that injuries sustained by a pipe which fell due to an interruption in the pulling of the pipe out of the well is a negligent activity case, not a premises defect case). Additionally, the Texas Supreme Court has recognized that an alleged breach of duty by a safety employee on the premises fits within the negligent activity theory. *See Koch Refining Co. v. Chapa*, 11 S.W.3d 153, 156 n. 3 (Tex.1999).

■ We now analyze the facts of this case, taking into consideration the characteristics found in both types of premises liability actions. In this case, the accident happened as a result of a crane lifting roofing panels to the top of the building. While moving the load over the roof, the crane operator caused the panels to hit Saenz in the head. This activity knocked him off the roof and caused his injuries. While engaged in construction of the roof, Saenz was not using a fall protection system as none was provided to him. The evidence at trial was that various fall protection systems, such as a safety belt or harness, guard rails, a catch platform, scissors lift, rolling scaffolds, motion stopping devices, motion sensing systems, barricades, standard rails, tow boards, and cables could have been used. Saenz is now arguing that the failure to provide a fall protection system constituted a defect of the premises. However, the use of or failure to use safety measures in the performance of a subcontractor's construction work is not a condition of the premises.

In *Redinger v. Living, Inc.*, the plumbing subcontractor's employee sued the general contractor for damages resulting from an injury caused by the dirt-hauling subcontractor. *Redinger*, 689 S.W.2d at 417. The general contractor instructed the dirt-hauling subcontractor to move some dirt piles and in the process the plumbing subcontractor employee's finger was crushed. *Id.* The Texas Supreme Court held that the performance of a subcontractor's construction work was negligent activity rather than a premises defect. *Id.* In another case where a subcontractor's employee sought recovery for injuries sustained in a fall from a house frame during construction, the Corpus Christi Court of Appeals found the case involved negligent activity rather than premises defect. *Arias v. MHI Partnership Ltd.*, 978 S.W.2d 660, 662

(Tex.App.—Corpus Christi 1998, pet. denied). This court has also held that a case involving injuries caused by a crane tipping over involved activity conducted on the premises, not a defect. *Lawson–Avila Const., Inc. v. Stoutamire,* 791 S.W.2d 584, 588 (Tex.App.—San Antonio 1990, writ denied). In each of these cases the plaintiff asserted the general contractor was liable for damages due to lapses in safety procedures or safety responsibility associated with the subcontractor's work. *See Redinger,* 689 S.W.2d at 417 (discussing that the jury found the general contractor negligent in allowing the dirt-hauling subcontractor to operate his tractor while others were working in the area and for failing to warn); *Arias,* 978 S.W.2d at 662 (stating the injured plaintiff argued that if the general contractor enforced safety regulations, he would have worn a helmet and could have avoided severely injuring his head); *Stoutamire,* 791 S.W.2d. at 588–89 (quoting the Restatement (Second) of Torts as authority for finding a contractor liable for failure to assure a subcontractor is performing work in a safe manner). In the present case, Saenz similarly asserts that David & David's liability is based on the failure to assure the subcontractor followed safety measures in the performance of the roofing work.

It was both the activity of the crane operator moving the material to the roof and the lack of a fall protection system that caused Saenz's injuries. He claimed his injuries were due, not to a dangerous condition of the premises, but rather to the dangerous manner in which the work was being done. Because the work being done is the cause of the injury, not a condition of the premises, this is a negligent activity case, not a premises defect case. *See Redinger,* 689 S.W.2d at 417 (finding that an injury caused by an activity conducted on the premises was not a premises defect

case); *Herschap,* 5 S.W.3d at 801 (holding injuries sustained as a contemporaneous result of an alleged negligent activity was not a premises defect case). The facts of this case simply do not "fit" a premises defect theory. Saenz failed to prove a premises defect claim and, therefore, the trial court's denial of a premises defect question was not error. The broad-form negligence question submitted to the jury was the proper question for Saenz's negligent activity claim. *See Olivo,* 952 S.W.2d at 529 (finding that submission of the simple negligence question related only to the negligent activity theory).

■■■ Even if we were to hold that this is a premises defect case requiring the submission of a separate jury issue, Saenz did not request the issue in a substantially proper form. The jury question submitted by Saenz and denied by the court, is as follows:

> Did the negligence, if any, of David & David Construction Company, Inc. proximately cause the occurrence in question?
>
> With respect to the condition of the premises, David & David Construction Company, Inc. was negligent if—
>
> a. the condition posed an unreasonable risk of harm, and
>
> b. David & David Construction Company, Inc. knew or should have known of the danger, and
>
> c. David & David Construction Company, Inc. failed to exercise ordinary care to protect Rafael Saenz from the danger, by both failing to reduce and eliminate the risk.
>
> Answer "Yes" or "No."

■■■ David & David argues the trial court did not err in denying the submission because Saenz failed to submit a proper premises defect question. In particular,

David & David asserts the question was deficient for failing to request a control finding. A finding of control is critical to a plaintiff's premises defect case. As the Texas Supreme Court has stated, "[t]o recover against a general contractor for a premises defect, the injured plaintiff must establish both the general contractor's right to control the defect-producing work [which created the premises defect] and a breach of that duty according to the traditional premises defect elements." *See Olivo,* 952 S.W.2d at 529. The general contractor's right to control establishes the existence of a duty, and provides the legal basis on which liability can be found. *See Id.*

 Saenz asserts the evidence was uncontroverted that David & David had the right to control the defect-producing work pursuant to its contract with the owner and the subcontract with United Erectors; therefore, no control question was necessary. Saenz cites to the portion of the record containing the following language in the contract.[3]

> The contractor shall be solely, subject to the terms of Article 4, responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of the work under the contract unless contract documents give other specific instructions concerning these matters.

Saenz also asserts that David & David was responsible for overseeing the safety of the project and, therefore, had the requisite control. The following contract clause is cited to support this proposition.

> The contractor shall take all necessary precautions for safety and shall provide all necessary protection to prevent damage, injury or loss to all persons on the work and other persons who may be affected thereby.

However, the contract further allows and directs the assignment of the obligations and responsibility from the contractor to the subcontractor.

> The contractor shall require each subcontractor, to the extent of the work to be performed by the subcontractor, to be bound to the contractor by terms of the contract documents and to assume towards the contractor all obligations and responsibilities which the contractor by the contract documents assumes towards the owner and architect.

This contract clause modified the previous control clauses. Additionally, the subcontract between United Erectors and David & David, sets forth the following.[4]

> Subcontractor represents that it possesses the skills required for the specific Work, assumes the responsibilities of an employer for performance of the Work and acts as an employer of one or more employees by paying wages, directing activities, and performing other similar functions. Subject to the right (but not the obligation) of 4M to direct Subcontractor or its employees to cease or change unsafe work practices. *Subcontractor is an independent contractor, free to determine the manner in which the Work is performed.* (emphasis added).

"For a general contractor to be liable for its independent contractor's acts, it must have the right to control the means, meth-

---

**3.** The cited contract was between the property owner and 4M. David & David assumed the contract from 4M and, therefore, assumed 4M's rights and obligations under the contract.

**4.** This subcontract was originally between 4M and United Erectors. David & David assumed this contract as well.

ods, or details of the independent contractor's work." *Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 804 (Tex.1999). The contracts here indicate that the contractor's responsibility for controlling the construction means, methods, techniques, sequences and procedures was assigned to the subcontractor. After considering the entire prime contract and subcontract with United Erectors, we cannot agree that David & David's control of the subcontractor's work is uncontroverted and thus established as a matter of law.

Saenz failed to submit a jury question to the trial court which included the requisite control issue. The question submitted was insufficient to allow a valid finding against David & David on a premises defect theory. Thus, we overrule Saenz's sole issue on appeal.

### CONCLUSION

Saenz's claim against David & David involves negligent activity, not a premises defect. Further, Saenz failed to submit a proper jury question to the court. Therefore, we find the trial court did not abuse its discretion in denying submission of the premises defect question. The issues raised on cross-appeal are moot in light of our holding. We affirm the trial court's judgment.