No. 04-01-00476-CV


Janie ZUNIGA,

Appellant 


v.


HEALTHCARE SAN ANTONIO, INC. d/b/a Laurel Ridge Hospital,

Appellee


From the 37th Judicial District Court, Bexar County, Texas 

Trial Court No. 1999-CI-10357

Honorable David Peeples, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice 


Delivered and Filed: November 27, 2002


AFFIRMED IN PART AND REVERSED AND REMANDED IN PART



 In this appeal, we consider whether the trial court properly characterized Janie Zuniga's
claims for common law negligence and violations of the Patient Bill of Rights as health care liability
claims under the Medical Liability and Insurance Improvement Act ("the MLIIA"). The trial court
determined that all of Zuniga's claims were health care liability claims that required the filing of an
expert report in compliance with the applicable provisions of the MLIIA. The court dismissed her
claims upon finding her expert report to be inadequate. We hold that the trial court erred in
dismissing Zuniga's common law negligence claims and Patient Bill of Rights claims because those
claims are outside the scope of the MLIIA and do not require an expert's report; therefore, we
reverse and remand the trial court's judgment as to those claims. Zuniga also raised medical
negligence claims under the MLIIA, and we hold the trial court properly dismissed these claims;
therefore, we affirm the trial court's judgment in all other respects.

BACKGROUND

 Zuniga was involuntarily committed to Healthcare San Antonio, Inc. d/b/a Laurel Ridge
Hospital ("Laurel Ridge"). While an in-patient at Laurel Ridge, Zuniga was allegedly sexually
assaulted by another patient. After her assault, Zuniga sued Laurel Ridge; Dr. Mier, her treating
physician; and her assailant. As to Laurel Ridge and Dr. Mier, Zuniga alleged claims based on
common law negligence, violations of the Patient Bill of Rights, and medical negligence. Laurel
Ridge and Dr. Mier moved to dismiss Zuniga's suit on the grounds that all of her claims fell within
the scope of the MLIIA; therefore, she was required to file an expert report that complied with the
MLIIA. According to Laurel Ridge and Dr. Mier, the expert report filed by Zuniga did not comply
with the MLIIA and her expert was not qualified. The trial court dismissed all of Zuniga's claims
with prejudice, and Zuniga now appeals the dismissal of her claims against Laurel Ridge. (1)

EXPERT REPORTS UNDER THE MLIIA

 The MLIIA places strict requirements on a plaintiff bringing a medical negligence claim
against health care providers. Bush v. Green Oaks Operator, Inc., 39 S.W.3d 669, 671 (Tex.
App.--Dallas 2001, no pet.). To promote the detection and dismissal of frivolous health care claims
early in the litigation process, the MLIIA requires plaintiffs either to file an expert report
substantiating their claims within 180 days of filing suit or voluntarily dismiss their action. Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp. 2002). Failure to comply can result in
sanctions against the plaintiff, including involuntary dismissal of the suit and an award of attorney's
fees to the defendant. Id. § 13.01(e).

 Plaintiffs may not avoid the MLIIA by recasting their causes of action as something other than
health care liability claims. See MacGregor Med. Ass'n v. Campbell, 985 S.W.2d 38, 40 (Tex. 1998)
(per curiam); Bush, 39 S.W.3d at 671. However, courts must be equally careful not to extend the
MLIIA's reach beyond its stated bounds. Bush, 39 S.W.3d at 671. Not every action taken by a
health care provider or every injury suffered by a patient falls within the ambit of the MLIIA. Id. In
determining whether the trial court abused its discretion in dismissing Zuniga's claims against Laurel
Ridge, we must decide whether the court correctly characterized all of her claims as health care
liability claims. To the extent the court erred in its characterization of her claims, the court abused
its discretion in dismissing those claims.

ZUNIGA'S COMMON LAW NEGLIGENCE 

AND PREMISE LIABILITY CLAIMS


 The MLIIA applies only to "health care liability claims," which are defined as claims "against
a health care provider or physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care or health care or safety which proximately results in injury to or
death of the patient, whether the patient's claim or cause of action sounds in tort or contract." Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 1.03(a)(4). A cause of action will be considered a health care
liability claim if it is based on a breach of a standard of care applicable to health care providers.
Sorokolit v. Rhodes, 889 S.W.2d 239, 242 (Tex. 1994). The act or omission complained of must be
an inseparable part of the rendition of medical services. See Walden v. Jeffery, 907 S.W.2d 446, 448
(Tex. 1995); Drury v. Baptist Memorial Hosp. Sys., 933 S.W.2d 668, 676 (Tex. App.--San Antonio
1996, writ denied). To determine whether a cause of action fits this definition, we look, not merely
at the pleadings, but at the underlying nature of the claim. MacGregor Med. Ass'n, 985 S.W.2d at
40; Sorokolit, 889 S.W.2d at 242. We examine whether the claim involves the diagnosis, care, or
treatment of the patient, and whether expert testimony would be required to prove the alleged
negligence. Rogers v. Crossroads Nursing Serv., Inc., 13 S.W.3d 417, 419 (Tex. App.--Corpus
Christi 1999, no pet.). Furthermore, because Laurel Ridge did not file special exceptions, we view
Zuniga's pleadings liberally in her favor. See Roark v. Allen, 633 S.W.2d 804, 809 (Tex. 1982);
Bush, 39 S.W.3d at 672; Saenz v. David & David Constr. Co., 52 S.W.3d 807, 810 (Tex. App.--San
Antonio 2001, pet. denied). Generally, a petition is sufficient if it gives the defendant fair and
adequate notice of the facts upon which the plaintiff bases his or her claim. SmithKline Beecham
Corp. v. Doe, 903 S.W.2d 347, 354 (Tex. 1995); Saenz, 52 S.W.3d at 810. 

 In her petition, Zuniga alleged Laurel Ridge was negligent in failing to: protect her from
abuse, take reasonable efforts to prevent actions by another person that resulted in physical injury,
make reasonable efforts to prevent sexual contact, and provide her a safe environment. She asserts
these allegations raise claims based on common law negligence or premises liability and not medical
negligence; therefore, expert testimony regarding whether Laurel Ridge departed from accepted
standards of medical care is not required. Laurel Ridge, on the other hand, asserts that Zuniga's
claims are health care liability claims because her allegations call into question Laurel Ridge's actions
as a psychiatric facility in its treatment and care of patients. Laurel Ridge contends Zuniga's claims
are based on a single premise: Laurel Ridge did not provide a therapeutic environment that would
keep Zuniga safe from herself and others. While we agree that preventing a patient from harming
herself or others is part of the treatment provided to an involuntarily committed psychiatric patient,
the allegation of injury here was not Zuniga's harm to herself or to others. Instead, the allegation is
another patient's assault of her while on Laurel Ridge's premises.

 Three courts have considered whether claims arising from the assault of a patient are within
the MLIIA's scope. In Bush, a patient sued the hospital alleging she was attacked and injured by
another patient. The issue before the court was whether the MLIIA applied to the patient's claims.
The Dallas court of appeals held as follows:

 Although Green Oaks's alleged failure to provide Bush with a reasonably safe
environment may ultimately involve a determination of whether the hospital breached
a standard of care with respect to Gouge [the assailant], Bush's claim, as pleaded, is
not for negligence in her medical treatment. . . . The duty that Bush alleged Green
Oaks owed to her was the duty to provide her with a reasonably safe environment or
to warn her of a known danger. This duty is owed by a premises owner to an invitee;
it is not a duty owed by a health care provider to a patient. 


 Under a liberal reading of Bush's amended petition, her status as a patient at
Green Oaks is not a controlling factor in her causes of action. Indeed, by her
pleadings, Bush's status as a patient is irrelevant, which clearly indicates that Bush's
suit is not based on a health care liability claim. None of the wrongful actions alleged
by Bush involve the medical treatment she received. A health care liability claim must
not only be based on the rendition of medical services, it must be based on the
rendition of medical services to the injured party. In this case, Bush is not contending
Green Oaks breached a standard of care owed to her as a patient. Rather, she is
claiming she was harmed by an unsafe condition created by Green Oaks at the
hospital. 


See 39 S.W.3d at 672-73.

 In Rubio v. Diversicare General Partner, Inc., 82 S.W.3d 778 (Tex. App.--Corpus Christi
2002, pet. filed), a patient sued the hospital alleging she had been sexually assaulted by another
resident. The issue before the court was whether MLIIA's statute of limitations applied to bar the
plaintiff's claims. The Corpus Christi court of appeals held as follows: 


 In the present case, the underlying nature of the sexual assault claim depends
not on expert medical witness testimony, but on the standard of ordinary care
applicable to any typical negligence case. No medical expert witness testimony would
be required to prove whether Diversicare provided adequate security for, and
supervision of, its residents. The claimed negligence by Rubio was not that
Diversicare or its doctors failed to follow medical procedures, and in fact did not
involve a medical issue. Nor would there be any need to bring expert medical
testimony to prove whether Diversicare was aware of the sexual assaults committed
against other residents prior to the April 1995 assaults on Rubio, and nevertheless
failed to take precautionary measures to prevent such assaults in the future. The
circumstances of this case are similar to those in Rogers, in that no medical expertise
is necessary to prove the claimed wrongdoing.


Id. at 783 (citations omitted).

 In Healthcare Centers of Texas, Inc. v. Rigby, No. 14-00-00790-CV, 2002 WL 369960 (Tex.
App.--Houston [14th Dist.] Mar. 7, 2002, no pet. h.), the issue before the court was whether the
plaintiff's claims for bystander injuries, after witnessing a sexual assault on her mother who was a
patient at the hospital by another patient, was precluded by the MLIIA. The Houston court of
appeals held as follows:

 

 LaPorte [the hospital] contends the plaintiff's suit for LaPorte's failure to
protect Mrs. Underwood [the patient] from Mr. Jones amounts to a "claimed
departure from accepted standards of . . . safety," and is within the definition of
medical malpractice. The word "safety," however, cannot be read in isolation, and
the phrase "accepted standard of . . . safety' must be read in context to mean
"accepted standard of safety within the health care industry." Because the issue of
protecting Mrs. Underwood from Mr. Jones is not governed by an accepted standard
of safety within the health care industry, but rather is governed by the standard of
ordinary care, the plaintiff's cause of action is one of simple negligence not governed
by article 4590i. In this case, Mrs. Rigby sued LaPorte and others for simple
negligence in failing to take adequate safety measures to protect its residents from a
known sexual deviant. Therefore, article 4590i does not preclude Mrs. Rigby's
bystander damages.

Id., 2002 WL 369960, at *8 (citations omitted).

 Viewing Zuniga's pleadings in the light most favorable to her, we conclude that Zuniga's
allegations are not based on the rendition of medical treatment to her by Laurel Ridge. See Bush, 39
S.W.3d at 673. Nor do her claims implicate a breach of an accepted standard of safety within the
health care industry. Id.; Rubio, 82 S.W.3d at 783; Healthcare Centers of Texas, 2002 WL 369960,
*8. Because Zuniga's allegations that Laurel Ridge did not provide her a safe environment do not
fall within the scope of the MLIIA, an expert's report was not required, and the trial court erred in
dismissing her common law negligence claims.

ZUNIGA'S VIOLATIONS OF THE PATIENT BILL OF RIGHTS CLAIMS

 Zuniga also raised claims based on Laurel Ridge's alleged violation of the Patient Bill of
Rights. A person harmed by a violation of the Patient Bill of Rights may sue for injunctive relief,
damages, or both. See Tex. Health & Safety Code Ann. § 321.003(b) (Vernon 2001). Section
321.003 does not require claimants to file an expert report substantiating their claims, and nothing
in the language of the Patient Bill of Rights requires claimants to comply with the MLIIA.
Accordingly, we hold that the trial court erred in dismissing Zuniga's section 321.003 claims.

ZUNIGA'S MEDICAL NEGLIGENCE CLAIMS

 Finally, Zuniga also asserted medical negligence claims. As to those claims, she was required
to submit an expert report that represented a good-faith effort to provide a fair summary of her
expert's opinions. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(l), (r)(6). Zuniga argues that the
trial court erred in determining that her expert report did not comply with the MLIIA's requirements.
Alternatively, she contends that if her expert's report was inadequate, the trial court abused its
discretion in not granting her a continuance to cure any defects in the report.

The Expert Report

 Laurel Ridge asserts that Zuniga's report did not comply with the MLIIA because it failed to
state the applicable standard of care, how Laurel Ridge breached the standard of care, or to
demonstrate causation. Zuniga argues that although her expert, Dr. Dolan, never uses the phrase
"standard of care" in her report, it is apparent from the context of the report that Dr. Dolan believed
Laurel Ridge was obligated to provide a treatment environment that would ensure Zuniga protection
from abuse and neglect. 

 Although the report required under the MLIIA need not marshal all the plaintiff's proof, it
must include the expert's opinion on each of the elements identified in the statute. American
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). Those elements
are, as to each defendant, a fair summary of the expert's opinions about the applicable standard of
care, the manner in which the care failed to meet that standard, and the causal relationship between
that failure and the claimed injury. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6). The report
must provide sufficient information on each element identified in the statute to satisfy two purposes:
first, the report must inform the defendant of the specific conduct the plaintiff has called into question,
and second, the report must provide a basis for the trial court to conclude that the claims have merit.
Palacios, 46 S.W.3d at 879. "Identifying the standard of care is critical: Whether a defendant
breached his or her duty to a patient cannot be determined absent specific information about what the
defendant should have done differently." Id. at 880. Although a "fair summary" is something less
than a full statement of the applicable standard of care and how it was breached, it must set out what
care was expected, but not given. Id. 

 Dr. Dolan's affidavit discusses (1) her background; (2) that she based her opinions on
Zuniga's medical records and two reports by the Texas Department of Health ("TDH") regarding
Zuniga's allegations; (3) the contents of the TDH reports, and (4) Laurel Ridge's internal policies.
In her discussion of the TDH reports, Dr. Dolan notes that the Laurel Ridge staff did not perform any
internal investigation, complete an incident report, or otherwise report Zuniga's allegations or
incidents involving her assailant to the police or the appropriate State agencies. The last two
paragraphs of the report state as follows:

 It is my professional medical opinion that in addition to failing to provide
appropriate, timely medical interventions, Laurel Ridge also failed to provide a
treatment environment that would ensure Janie Zuniga protection from abuse and
neglect.


 Last, a prudent hospital medical staff would have provided timely
interventions such as those outlined above, completed incident reports and reported
Ms. Zuniga's complaints to the appropriate state agency. In short they would have
followed their own policies and should have acted pursuant to State law. These
failures, in my opinion, were a [sic] substantial and contributing factors to the harm
and dangers suffered by Ms. Zuniga.


 After reviewing Dr. Dolan's report, we conclude that it does not satisfy the MLIIA's
requirements. Although Zuniga argues the above two paragraphs state a standard of care, we hold
that Dr. Dolan's conclusory statements that Laurel Ridge should have provided "appropriate, timely
medical interventions," "a treatment environment that would ensure Janie Zuniga protection from
abuse and neglect," or "timely interventions such as those outlined above" do not enable the trial
court or Laurel Ridge to determine what specifically should have been done to restrain Zuniga's
assailant or protect Zuniga. When an expert report's conclusory statements do not put the defendant
or the trial court on notice of the conduct complained of, the trial court has no discretion but to
conclude that the report does not represent a good-faith effort to provide a fair summary of the
standard of care and how it was breached. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(l),
(r)(6). Thus, the trial court did not err in determining that Dr. Dolan's report did not comply with
the MLIIA's requirements.

Thirty-day Grace Period to Cure Defect

 Zuniga's deadline to file her expert's report expired on January 17, 2000, and she filed her
report on January 25, 2000. Laurel Ridge moved to dismiss Zuniga's suit on February 20, 2001.
Zuniga responded, asking for a thirty-day extension to cure two defects in her expert's report: the
report was untimely filed and Dr. Dolan's curriculum vitae was not attached. At the March 6, 2001
dismissal hearing, Zuniga asserted the untimely filing of her expert's report was not intentional or the
result of conscious indifference. Zuniga's counsel did not ask for a continuance to cure any defect
regarding Dr. Dolan's qualifications or any deficiency in the report. The trial court denied the motion
to dismiss on the grounds that the report was untimely and Dr. Dolan's curriculum vitae was not
attached, but granted the motion on the grounds that Dr. Dolan was not qualified to give her opinion.
On April 17, 2001, after a hearing on Zuniga's motion to reconsider, the trial court set aside its order
dismissing Zuniga's suit against Laurel Ridge. On June 8, 2001, the court again considered Laurel
Ridge's motion to dismiss and more closely reviewed the adequacy of Dr. Dolan's report. At this
hearing, Zuniga did not ask for an additional extension of time to cure any defect in the report or to
file a supplemental report; instead, she argued that the report met the MLIIA's requirements.
Zuniga's failure to request an extension of time to file a report that complied with the MLIIA did not
give the trial court an opportunity to consider and rule on such a request; therefore, nothing is
presented for review. Furthermore, the burden was on Zuniga to show some excuse or mistake to
establish she did not act intentionally or with conscious indifference in failing to file a report in
compliance with the MLIIA, and no such evidence was offered here. De Leon v. Vela, 70 S.W.3d
194, 200 (Tex. App.--San Antonio 2001, pet. denied); Tex. Rev. Civ. Stat. Ann. art. 4590i, §
13.01(g). Thus, even had Zuniga requested an extension of time, the record shows no error on the
trial court's part.

CONCLUSION

 We reverse the trial court's judgment dismissing Zuniga's common law negligence and Patient
Bill of Rights claims and we remand for further proceedings on those claims. We affirm the trial
court's judgment in all other respects.


 Sandee Bryan Marion, Justice

PUBLISH
1. Zuniga does not appeal the dismissal of her claims against Dr. Mier.