**In the Interest of R.J.A.H. & D.M.H.**

No. 01–02–00351–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 20, 2003.

John W. Williford, Jr., Huntsville, for Appellant.

Kay Douglas, Assistant District Attorney, Walker County, Huntsville, for Appellee.

Panel consists of Justices NUCHIA, HANKS and PRICE.*

## OPINION

SAM NUCHIA, Justice.

A trial court terminated appellant Terry D. Thompson's parental rights to her biological children, R.J.A.H. and D.M.H. In her sole point of error, appellant argues that the trial court erred in entering a judgment that was not sufficiently definite and certain to define and protect the rights of all litigants. We affirm in part and reverse in part.

### Discussion

**Standard of Review**

 A judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated. *Stewart v. USA Custom Paint & Body Shop, Inc.,* 870 S.W.2d 18, 20 (Tex. 1994). Thus, a judgment cannot condition recovery on uncertain events or base its validity on what the parties might or might not do post-judgment. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). A purported judgment that leaves a question or issue essential to the determination of the controversy between the parties is void for vagueness and uncertainty. *See Stewart,* 870 S.W.2d at 20.

In this case, the trial court terminated appellant's parental rights. The Texas Family Code section 161.206(b) states "An order terminating the parent-child relationship divests the parent and the child of all legal rights and duties with respect to each other, except that the child retains the right to inherit from and through the parent unless the court otherwise provides." TEX. FAM.CODE ANN. § 161.206(b) (Vernon 2002).

The order of termination provides in pertinent part:

6.1 The Court finds by clear and convincing evidence that termination of the parent-child relationship between Terry Darlene Thompson and the children the subject of this suit is in the children's best interest.

6.4 It is therefore ordered, that, unless a Department expert believes it to be contrary to the best interests of the children, Terry Thompson shall continue to have visitation with the children till [sic] the adoptive placement takes place, and only after if adoptive parents agree.

* Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

First, the trial court terminated appellant's parental rights. Second, the trial court granted appellant visitation rights subject to divestment at a future time, and by a third person not a party to the suit. We find that the provisions in the decree granting appellant visitation rights are vague and uncertain.[1] Accordingly, we reverse that portion of the trial court's judgment granting appellant visitation rights and remand this cause to the trial court for further proceedings consistent with this opinion. The remainder of the judgment, regarding the termination of appellant's parental rights, remains unchanged, and is affirmed.

## Conclusion

We affirm in part, reverse in part and remand in part.

---

1. Although we are unaware of any authority that gives a trial court the power to grant a parent visitation rights to the child after their parental rights have been terminated, no party to this appeal has argued that the trial court erred in granting such post-termination visitation.