Mark Anthony **HEGWOOD, Individually, as Surviving Parent of Xavier Alexander Hegwood, and as next friend of Kamyra Faith Hegwood, Appellant**

v.

**AMERICAN HABILITATION SERVICES, INC. d/b/a Thomas Care Center, Appellee.**

No. 01–07–00649–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 17, 2009.

Otha T. Carpenter, Houston, for Appellant.

Nelson Dean Skyler, Brown Sims, P.C., Tarush R. Anand, Houston, for Appellee.

Panel consists of Justices TAFT, BLAND, and SHARP.

## ORDER

PER CURIAM.

Appellant, Mark Anthony Hegwood, appeals from an order dismissing his wrongful death and survival claims against appellee, American Habilitation Services, Inc. d/b/a Thomas Care Center, for failing to file a preliminary expert report as required by former Civil Practice and Remedies Code section 74.351(a).[1] Hegwood sued the Center over his son Xavier's death while Xavier was a patient in the Center's care facility. Hegwood sued in his capacity as Xavier's father, as surviving parent of Xavier, and as next friend of Xavier's sister, Kamyra.

The district court signed the following order, from which Hegwood appeals:

### ORDER OF SEVERANCE AND DISMISSAL

On July 9, 2007 the Court upon submission Granted Mark A. Hegwoods Motion for Severance and Denied his Motion for New Trial. IT IS THEREFORE ORDERED that all claims of Mark A. Hegwood, Individually, as surviving parent of Xavier Alexander Hegwood, as next friend of Kamyra Hegwood and as Intervenor as Representative of the Estate of Xavier Alexander Hegwood are severed from the above numbered cause number, into cause number 2005–35383–A. This Order granting severance shall become effective, and the order of dismissal in new case number 2005–35383–A shall be final and appealable, upon the completion of the following two events: (1)

---

1. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, sec. 74.351(a), 2003 Tex. Gen. Law 847, 875, *amended by* Act of May 18, 2005, 79th Leg., R.S., ch. 635, 2005 Tex. Gen. Law 1590.

the movant's tender to the court clerk of certified copies of the pleadings and orders movant desires to have placed in the severed cause number; and (2) the clerk's creation of the file for the severed cause number. IT IS FURTHER ORDERED that all claims of Mark A. Hegwood, Individually, as surviving parent of Xavier Alexander Hegwood, as next friend of Kamyra Hegwood and as Intervenor as Representative of the Estate of Xavier Alexander Hegwood are Dismissed with prejudice.

SIGNED on *July 10, 2007*

Grant Dorfman

JUDGE PRESIDING

This order, however, does not constitute a final judgment, because its effectiveness is expressly conditioned on future events. *See Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). There is no further signed order from the district court establishing that the judgment has in fact become effective.[2] The date of the trial court's final-judgment must be based on the signing of a judgment or order, not from some other act. *See Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex.1995); *Atchison v. Weingarten Realty Mgmt. Co.,* 916 S.W.2d 74, 75–76 & n. 3 (Tex.App.-Houston [1st Dist.] 1996, no writ); *see also* Tex.R.App. P. 26.1 (requiring notice of appeal to be filed within specified number of days after trial-court judgment is signed).

Because the appellate record does not demonstrate a final judgment has been signed, we abate the appeal for 45 days to allow the parties to conduct further proceedings in the trial court. If the district court signs a final judgment and a supplemental clerk's record is filed with the Clerk of this Court during the abatement,

then this Court will proceed to consider the appeal. *See* Tex.R.App. P. 27.2. Otherwise, the Court will dismiss the appeal for lack of jurisdiction. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.012 (Vernon 2008) (allowing appeals from final judgments).

---

2. We note that the clerk's record bears the trial-court case number 2005–35383, rather than 2005–35383–A.