

NUMBER 13-07-00509-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

SACMD ACQUISITION CORPORATION D/B/A CAREER
CENTERS OF TEXAS-BROWNSVILLE AND KAPLAN
HIGHER EDUCATION CORPORATION D/B/A CAREER
CENTERS OF TEXAS-BROWNSVILLE,                          Appellants,

v.

LEONEL TREVINO,                                        Appellee.

On appeal from the 389th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

This is a restricted appeal of a no-answer default judgment. *See* TEX. R. APP. P. 30.

By two issues, appellants, SACMD Acquisition Corporation d/b/a Career Centers of Texas-

Brownsville (SACMD) and Kaplan Higher Education Corporation d/b/a Career Centers of

Texas-Brownsville (Kaplan-Brownsville), contend that (1) the final judgment does not contain an award of damages or is void, and (2) the evidence is legally or factually insufficient to support the damage award of $3,000,000 or the causal nexus between the event sued upon and the injuries. We affirm in part and reverse and remand in part.

## I. Background

On August 8, 2006, appellee, Leonel Trevino, filed suit against SACMD, Kaplan–Brownsville, and Water Tower Development L.L.C. (Water Tower).[1] The record shows that appellants were served on or about August 15, 2006.[2] No answers were filed.

Trevino filed a motion for entry of default judgment on September 22, 2006. His affidavit was attached to the motion. It stated the following:

> On or about August 24, 2004, I was on the premises of SACMD . . . and Kaplan[-Brownsville] . . . campus, . . . as a business invitee, when I tripped and fell in a hole on the premises of the campus, as I was walking to the parking lot and from the campus building. The subject premises are operated and under the control of . . . SACMD . . . and Kaplan[-Brownsville]. Each Defendant had the non-delegable duty to inspect, maintain the subject premises free from dangerous conditions, and to warn of any dangerous conditions of which it was aware or reasonably should have been aware. Defendants had prior knowledge of the hole in the parking area as it had apparently existed for over a year, and at least three other persons had stepped into the hole and had been injured, and there was a failure to either properly repair and fill the hole or to warn those walking from [the] parking lot into the building of this hazardous condition. I sustained serious injuries as a result of the Defendants' negligence and failure to repair or warn of this dangerous condition, including necessary surgery and extended hospital treatment. The damages attributable to these Defendants' negligence for my medical expenses, physical and mental pain and suffering[,] and disfigurement is $3 million.

On September 22, 2006, the trial court heard Trevino's motion for entry of default judgment. Trevino's attorney presented the facts of the case. No witnesses were called.

---

[1]Water Tower Development L.L.C. is not a party to this appeal.

[2]Appellants do not concede that they were served with process.

2

At the end of the hearing, the trial court signed an order of default judgment reciting the allegations in Trevino's affidavit as findings of fact and finding that Trevino "sustained serious injuries as a result of the Defendants' negligence and failure to warn of this dangerous condition, including necessary surgery and extended hospital treatment." The trial court found that "the damages attributable to these Defendants' negligence for Leonel Trevino's medical expenses, physical and mental pain and suffering, and disfigurement is $3 million." The trial court ruled that SACMD and Kaplan-Brownsville were jointly and severally liable for negligence and premises liability and ordered SACMD and Kaplan-Brownsville to pay Trevino $3,000,000.

In response to Trevino's March 30, 2007 motion for non-suit with respect to Water Tower and request for entry of final judgment, the trial court issued the following order of dismissal with prejudice and final judgment:

> On the 9[th] day of April, 2007, Plaintiff's Notice of Non-Suit With Prejudice and Request for Entry of Final Judgment came on to be considered and the Court, after considering same, is of the opinion that said motion is well taken and should be granted.
>
> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Plaintiff's claims against Defendant Water Tower Development, L.L.C. herein be dismissed, with prejudice to the re-filing of same.
>
> It is further ORDERED, ADJUDGED and DECREED that any and all other relief not expressly granted herein is denied. This judgment finally disposes of all parties and claims and is appealable.

SACMD and Kaplan-Brownsville filed a notice of appeal on August 16, 2007.

## II. Scope and Standard of Review on Restricted Appeal

This is a restricted appeal of a no-answer default judgment. A restricted appeal must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who, either in person or through counsel, did not participate at trial;

3

and (4) the error complained of must be apparent from the face of the record. TEX. R. APP. P. 30; *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.–Corpus Christi 2003, no pet.). The face of the record consists of all papers on file in the appeal. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

A restricted appeal affords an appellant the same scope of review as an ordinary appeal; that is, a review of the entire case. *Autozone*, 108 S.W.3d at 919 (citing *Norman Commc'ns*, 955 S.W.2d at 270). An appellant may raise the issue of lack of evidence or insufficient evidence to support the judgment. *Texaco, Inc. v. Cent. Power & Light Co.*, 955 S.W.2d 373, 375 (Tex. App.–San Antonio 1997, pet. denied).

### III. Discussion

In this case, appellants filed their notice of appeal on August 16, 2007, within the six-month time limit; they did not participate in the case prior to the default judgment; and their issues relate to matters apparent on the face of the record which consists of all papers on file in the appeal. *See* TEX. R. APP. P. 30; *Drewery Constr.*, 186 S.W.3d at 573; *Norman Commc's*, 955 S.W.2d at 270. Therefore, appellants have met the requirements to bring a restricted appeal.

### A. Final Judgment

By their first issue, appellants contend that we should reverse and render a take-nothing judgment in their favor because the final judgment, within its four corners, does not award damages but does deny all relief not granted in the order. However, should we conclude that damages were, in fact, awarded, appellants further argue that we should reverse and remand on the basis that the judgment is void because it requires further adjudication in order to ascertain its terms—specifically, the amount of damages awarded.

4

"A purported judgment that leaves a question or issue essential to the determination of the controversy between the parties is void for vagueness and uncertainty." *In re R.J.A.H.*, 101 S.W.3d 762, 763 (Tex. App.–Houston [1st Dist.] 2003, no pet.). "[I]f to enforce its judgment theretofore rendered, it is necessary to find and determine the facts which were adjudicated by the judgment, such judgment is void as to such facts." *Burrage v. Hunt Prod. Co.*, 114 S.W.2d 1228, 1233 (Tex. Civ. App.–Dallas 1938, writ dism'd).

"[I]t is not[, however,] necessary that all the dispositive rulings appear in one document before a judgment can become final." *Azbill v. Dallas County Child Protective Servs. Unit of the Tex. Dep't of Human & Regulatory Servs.*, 860 S.W.2d 133, 137 (Tex. Civ. App.–Dallas 1993, no writ). "Once an order has been entered disposing of all remaining parties and issues, all the orders merge, creating a final and appealable judgment." *Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 391 (Tex. App.–Corpus Christi 2000, no pet.); *see Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972); *H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963) (per curiam) ("[W]here an interlocutory order is entered disposing of one defendant, that order becomes final, and there is a final judgment, when a subsequent order is entered disposing of the remaining defendants."); *see also Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 799-800 (Tex. App.–Corpus Christi 2001, pet. denied) ("'When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties.'") (quoting *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam)).

Based on our review of the record, we are not persuaded by appellants' arguments that the damages language of the default judgment must have been repeated within the four corners of the final judgment. Nor do we agree that the judgment requires further adjudication in order to ascertain the amount of damages awarded. The default judgment entered against appellants was an interlocutory order because it did not dispose of all parties and issues in the pending suit; this interlocutory order became final when it was merged into the final judgment that dismissed the remaining defendant. *H.B. Zachry Co.*, 364 S.W.2d at 193. And, while the document entitled "Order of Dismissal with Prejudice and Final Judgment" does not reference the order of default judgment or the damage amount within its four corners, our review of the record reveals no error. The default judgment against appellants is in the record, and it does set out a damage award. Once the order was entered disposing of the remaining defendant, the default judgment entered against appellants merged into the final judgment. *See Stover*, 17 S.W.3d at 391. We conclude, therefore, that the damages were awarded and that the final judgment is not void. We overrule appellants' first issue.

B. Sufficiency of the Evidence Supporting Damages or Causal Nexus

By their second issue, appellants contend that they are entitled to reversal and remand for a new trial because the evidence is insufficient to support any of the elements of damages or any causal nexus between the event sued upon and Trevino's damages.

1. Damages

Appellants complain of the sufficiency of the evidence supporting the elements of damages. In response, Trevino concedes that he did not segregate the amount of damages.

In conducting legal sufficiency review, the court credits evidence supporting the judgment if reasonable jurors could and disregards contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The court sustains a legal sufficiency, or no-evidence, point if the record reveals one of the following: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *See Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998).

> As a general matter, when we sustain a no evidence point of error after a trial on the merits, we render judgment on that point. Texas courts view an appeal from a default judgment somewhat differently than an appeal from a trial on the merits. In part, this is because an adjudication on the merits is preferred in Texas.

> After a default judgment is granted, the trial court must hear evidence of unliquidated damages. However, as a practical matter, in an uncontested hearing, evidence of unliquidated damages is often not fully developed. This is particularly true when the trial judge expresses a willingness to enter judgment on the evidence that has been presented. Therefore, when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages.

*Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992); *Jackson v. Gutierrez*, 77 S.W.3d 898, 904 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (reversing and remanding damages for pain and suffering award when amount could not be distinguished from that awarded for mental anguish damages); *see also* TEX. R. APP. P. 44.1(b)(2) (permitting reversal where an error of law "probably prevented the appellant from properly

7

presenting the case to the court of appeals"); *First Nat'l Bank v. Shockley*, 663 S.W.2d 685, 689 (Tex. App.–Corpus Christi 1983, no writ) (stating damages for personal injuries are unliquidated). The new trial is limited to the issue of damages because liability is already established by default. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984).

Based on our review of the record, we agree with all parties that there is no evidence to support any amount of damages awarded for medical expenses, mental pain and suffering, physical pain and suffering, and disfigurement, and that the appropriate disposition is a remand for a new trial on the issue of unliquidated damages. *City of Keller*, 168 S.W.3d at 827; *Holt*, 835 S.W.2d at 86. Therefore, we sustain appellants' second issue to the extent it challenges the sufficiency of the evidence to establish any element of damages.

### 2. Causal Nexus

Appellants also complain that there is insufficient evidence to support a casual nexus between the event sued upon and the damages awarded.

"The causal nexus between the event sued upon and plaintiff's injuries is strictly referable to the damages portion of the cause of action." *Morgan*, 675 S.W.2d at 732. Even if the defendants' liability has been established through default, proof of the causal nexus between the event sued upon and the plaintiff's injuries is necessary to ascertain the amount of damages to which the plaintiff is entitled. *Id.*; *Thomas v. Martinez*, 217 S.W.3d 680, 684 (Tex. App.–Dallas 2007, no pet.) ("[Although] entry of a default judgment operates as an admission of all allegations of fact set out in Plaintiff's Petition, except as to unliquidated damages, . . . Plaintiff is still required . . . to prove the causal nexus

between the event sued upon and [his] injuries."). "This is true because the plaintiff is entitled to recover damages only for those injuries caused by the event made the basis of suit." *Morgan*, 675 S.W.2d at 732.

"The causal nexus between the event sued upon and the plaintiff's injuries must be shown by competent evidence." *Id.*; *see Jackson*, 77 S.W.3d at 902 (providing that testimony in a restricted appeal from a no-answer default judgment that the plaintiff "went to the hospital, met with two doctors, received medication, paid her car insurance deductible, lost wages, and had pain and mental anguish, all 'as a result of the accident,'" was sufficient to satisfy the causal nexus requirement under *Morgan*).

> Lay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition. . . . Generally, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation.

*Morgan*, 675 S.W.2d at 733.

In this case, Trevino's affidavit stated that he tripped and fell in a hole on the premises that were operated and under the control of SACMD and Kaplan-Brownsville. Trevino set out that he "sustained serious injuries as a result of the Defendants' negligence and failure to warn of this dangerous condition, including necessary surgery and extended hospital treatment." The evidence establishes a sequence of events from which the trier of fact may properly infer that Trevino's fall on appellants' property caused him to suffer injury. *See id.*

This information was also included in his original petition. *See Jackson v. Slaughter*, 185 S.W.2d 759, 761 (Tex. Civ. App.–Texarkana 1944, no writ) ("In determining the validity

9

of a judgment, one is not restricted to the face of the judgment alone, but resort may be had to the judgment roll, or record, which includes the pleadings filed in a suit."). The petition also set out that appellants' acts of negligence and premises defects were the proximate causes of the damages suffered by Trevino and nothing Trevino did or failed to do caused or contributed to the occurrence in question.

Based on the above, we conclude that Trevino provided competent evidence of the causal nexus between the event upon which he sued and his injuries. *Morgan*, 675 S.W.2d at 733. We, therefore, overrule appellants' second issue in so far as it challenges the sufficiency of the evidence to establish a casual nexus between the event sued upon and Trevino's damages.

## IV. Conclusion

We reverse the trial court's judgment on the issue of damages and remand the cause for a new trial on this issue. We affirm the trial court's judgment in all other respects.


NELDA V. RODRIGUEZ
Justice


Memorandum Opinion delivered and
filed this 20th day of August, 2009.