Opinion issued February
17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-07-00649-CV

———————————

Mark Anthony Hegwood, Individually, as Surviving Parent of Xavier
Alexander Hegwood, as Next Friend of Kamyra Faith Hegwood, AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF XAVIER ALEXANDER HEGWOOD, Appellant

V.

American Habilitation
Services, Inc.

d/b/a Thomas Care Center, Appellee



 



 

On Appeal from the 129th District
Court

Harris County, Texas



Trial Court Case No. 2005‑35383‑A

 



 

 

MEMORANDUM
OPINION

          Appellant, Mark Anthony Hegwood, appeals from the dismissal
of his wrongful‑death and survival causes of action against appellee,
American Habilitation Services, Inc. d/b/a Thomas Care Center, for failing to
file a preliminary expert report in a health‑care liability claim.[1]  Hegwood sued American Habilitation over his
son Xavier’s death while Xavier was a patient in American Habilitation’s care
facility.  Hegwood sued in his capacity
as Xavier’s father, as surviving parent of Xavier, as next friend of Xavier’s
sister, Kamyra, and as the personal representative of Xavier’s estate.[2]

          Hegwood’s
original suit was filed on June 10, 2005 in the 333rd District Court of Harris
County.  In its answer, American
Habilitation claimed that Hegwood had failed to file a preliminary expert
report as required by former Civil Practice and Remedies Code section 74.351(a).  Rachel Ford, Xavier’s mother, had filed a
separate suit in the 129th District Court of Harris County, and both suits were
consolidated in the 129th District Court on October 12, 2005.

          On October 14,
2005, the Supreme Court of Texas issued its opinion in Diversicare General Partner, Inc. v. Rubio, in which the court held
that a health‑care liability claim cannot be recast as another cause of
action to avoid the requirements of the Medical Liability Insurance Improvement
Act.  185 S.W.3d 842, 851 (Tex.
2005).  On November 30, 2005, American
Habilitation moved to dismiss Hegwood’s suit based on the lack of a preliminary
expert report.  See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(b)(2) (West Supp. 2010).  Faced with American Habilitation’s motion to
dismiss and the Diversicare opinion,
Hegwood on February 9, 2005 filed a reply and “motion for nonsuit.”  Hegwood argued that Diversicare should not be applied retroactively, but it should
instead serve to start the 120‑day period to file the preliminary expert
report on October 14, 2005, making the expert report due no later than February
11, 2006.  On April 12, 2006, Hegwood
filed a “plea in intervention,” claiming to appear for the first time as the
personal representative of Xavier’s estate.

          On April 17,
2006, the trial court granted American Habilitation’s motion and dismissed with
prejudice “the causes of action asserted by plaintiff [Hegwood] herein” for
failure to file a preliminary expert report. 
Hegwood contends that the April 17, 2006 order only dismissed his causes
of action as Xavier’s father, as surviving parent of Xavier, and as next friend
of Xavier’s sister, Kamyra, but did not dismiss his causes of action as the
personal representative of Xavier’s estate.

          In June 2006,
Hegwood served a copy of an expert report on American Habilitation.  On February 7 and 23, 2007, American
Habilitation filed an answer to Hegwood’s plea in intervention and a motion to
dismiss, arguing that Hegwood’s expert report was due no later than 120 days
from the filing of the original suit, June 10, 2005.  On April 13, 2007, the trial court granted
the motion to dismiss with prejudice Hegwood’s cause of action as the personal
representative of Xavier’s estate.  On
July 10, 2007, the trial court conditionally severed Hegwood’s claims from the
remainder of the suit, and this severance became final on March 29, 2009.

Analysis

          Hegwood brings
five arguments on appeal, which we will treat as issues presented.  In issue one, he contends American
Habilitation waived its right to challenge his capacity to represent Xavier’s
estate because it did not move to strike the April 12, 2006 “plea in
intervention.”  Hegwood claims “[t]he
record clearly shows that at the time of [his April 12, 2006] intervention [he]
had been dismissed from the case in all the capacities asserted.”  Hegwood thus argues that he was not a party
to the suit at the time he filed the plea in intervention.

          Hegwood’s
chronology of the case is not correct. 
On April 17, 2006, five days after
he filed his “plea in intervention,” the trial court dismissed with prejudice
“the causes of action asserted by plaintiff [Hegwood] herein” for failure to
file a preliminary expert report.  Hegwood
cites Texas Rule of Civil Procedure 60 for the proposition that any party may
intervene in a case, subject to being stricken out.  While this is true, Hegwood was already a
party to the lawsuit on April 12, 2006.

          Regardless of
Hegwood’s status as an intervenor, he cites no authority for the proposition
that the trial court committed reversible error in dismissing his claims with
prejudice merely because American Habilitation did not file a motion to
strike.  See Tex. R. App. P.
38.1(i) (requiring appellant’s brief to contain appropriate citations to
authorities).  We overrule issue one.

          In issue two,
Hegwood contends that the claim he brought in his capacity as personal
representative of Xavier’s estate is separate and distinct from the claims that
the trial court dismissed on April 17, 2006, which he brought in his capacity
as Xavier’s father, as surviving parent of Xavier, and as next friend of
Xavier’s sister, Kamyra.  Without
citation to authority, Hegwood contends that “[f]or purposes of the 120‑day
rule, each party in their capacity must meet the requirement.”

          This Court has
recently interpreted Civil Practice and Remedies Code section 74.351(a) to require
a claimant to file an expert report for each physician or health care provider
against whom a cause of action—i.e., group of operative facts giving rise to
one or more bases for suing—is asserted. 
Certified EMS, Inc. v. Potts,
No. 01‑10‑00106‑CV, slip op. at 13 (Tex. App.—Houston [1st
Dist.] Jan. 27, 2011, no pet. h.) (citing Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2010); In re Jorden, 249 S.W.3d 416, 421 (Tex.
2008) (defining “cause of action”).  By
focusing on a cause of action rather than particular liability theories that
may be contained within a cause of action, the plain language does not require
an expert report to set out each and every liability theory that might be
pursued by the claimant as long as at least one liability theory within a cause
of action is shown by the expert report. 
Certified EMS, Inc., No. 01‑10‑00106‑CV,
slip op. at 13 (citing Tex. Civ. Prac.
& Rem. Code § 74.351(a); In re
Jorden, 249 S.W.3d at 421).

          Similarly, by
replacing the word “claim” with the term “cause of action” and its definition,
the plain language in Section 74.351(b) requires dismissal of the cause of
action, or group of operative facts giving rise to one or more bases for suing,
with respect to the physician or health care provider.  Certified
EMS, Inc., No. 01‑10‑00106‑CV, slip op. at 14 (citing Tex. Civ. Prac. & Rem. Code Ann. §
74.351(b); In re Jorden, 249 S.W.3d
at 421).  By focusing on a cause of
action rather than particular liability theories that may be contained within a
cause of action, the plain language establishes that the entire cause of action
is dismissed with respect to the defendant when the claimant has failed to file
an expert report that sets out at least one liability theory within a cause of
action.  Certified EMS, Inc., No. 01‑10‑00106‑CV, slip op.
at 14 (citing Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(b); In re
Jorden, 249 S.W.3d at 421).

          Here, Hegwood
does not assert that Xavier’s estate has a different cause of action from those
Hegwood brought in his original petition. 
His argument is that, because the personal representative of an estate
could have been someone other than himself, he should be considered a separate
claimant when he sued American Habilitation in that capacity.  But we need not decide that hypothetical
situation because Hegwood also sued under the survival statute.  Tex.
Civ. Prac. & Rem. Code Ann. § 71.021 (West 2008).  Any personal‑injury action that could
be brought under the wrongful‑death statute could have been brought
either by Hegwood as an heir or a legal representative of Xavier’s estate.  See
id. § 71.021(b); see also Shepherd v. Ledford,
962 S.W.2d 28, 31 (Tex. 1998) (holding that heir can sue under wrongful‑death
statute only if no administration of deceased’s estate is pending and none is
necessary).  Accordingly, we overrule
issue two.

          In issue
three, Hegwood contends that the trial court erred in applying the supreme
court’s opinion in Diversicare General
Partner, Inc. v. Rubio to this case, because he brought his case “pursuant
to a Court of Civil Appeals adjudicative interpretation of a wrongful death
claim that was based on common law negligence.” 
Diversicare, 185 S.W.3d at 851.  At trial, Hegwood relied on Zuniga v. Healthcare San Antonio, Inc., a
case in which the plaintiff was sexually assaulted while involuntarily
committed in a hospital.  94 S.W.3d 778,
780 (Tex. App.—San Antonio 2002, no pet.). 
In Zuniga, the San Antonio
Court of Appeals concluded that the plaintiff’s common‑law negligence
claims were not based on the rendition of medical treatment and thus not
subject to the Medical Liability Insurance Improvement Act.  Id.
at 783.

          At trial in
the instant case, American Habilitation moved to dismiss, citing the recent Diversicare opinion from the supreme
court.  Hegwood filed a response in which
his sole argument was that Diversicare
should not be applied retroactively: “Plaintiff’s position is that since the
existing case law changed or the Rubio
[Diversicare] decision on October 14,
2005 replaced the Zuniga decision, Rubio’s application should not be given
retroactive treatment back to the date of the plaintiff’s filing of the lawsuit
on June 10, 2005.”  On appeal, Hegwood
argues that Diversicare is factually distinct
from the present case and that the trial court should have allowed him to
replead pursuant to Texas Rule of Civil Procedure 68.

          We hold that
Hegwood did not preserve his complaint in the trial court regarding why his
case was factually distinguishable from the supreme court’s Diversicare opinion.  See
Tex. R. App. P. 33.1 (a).  We overrule issue three.

          In issue four,
Hegwood contends that the supreme court’s Diversicare
opinion should not be applied retroactively, citing to the Open Courts
provision of the Texas Constitution and several federal cases, including a
Supreme Court opinion discussing the constitutionality of retroactive
legislation.  See Tex. Const. art.
I, § 13;
Landgraf v. USI Film Prods., 511 U.S.
244, 114 S. Ct. 1483 (1994).  The Texas
Supreme Court has discussed the question of whether a state court’s ruling of
state law should be given prospective or retroactive application and concluded
that it is a matter for the state court to decide.  See
Carrollton-Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist., 826 S.W.2d 489, 516 (Tex. 1992)
(citing Great N. Ry. v. Sunburst Oil
& Ref. Co., 287 U.S. 358, 364–66, 53 S. Ct. 145, 148–49 (1932)).

          In Diversicare, the court reversed the
judgment of the court of appeals and rendered judgment, thus retroactively
applying its ruling in that case.  185
S.W.3d at 855.  Hegwood characterizes
applying the ruling in Diversicare
prospectively as a “Utopian Approach,” but does not otherwise explain how this
Court can fail to follow the supreme court’s retrospective application of that
opinion.  We overrule issue four.

          In issue five,
Hegwood contends the trial court erred in not recognizing his 

February 9, 2005 “motion for nonsuit.”  We agree with Hegwood that a plaintiff
generally has an absolute right to a nonsuit under Texas Rule of Civil
Procedure 162.  See C/S Solutions, Inc. v.
Energy Maint. Servs. Grp. LLC, 274 S.W.3d 299, 304–07 (Tex. App.—Houston [1st
Dist.] 2008, no pet.).  Hegwood’s “motion
for nonsuit,” however, was not a motion for an unconditional nonsuit.  Instead, Hegwood’s motion primarily argued
that the trial court should not apply the supreme court’s Diversicare opinion.  To the
extent that the motion requested a nonsuit, it was only as one of three
alternatives, the others being (1) granting a 30‑day extension to file an
expert report and (2) ruling on Hegwood’s motions for “repleader.”  We also note that Hegwood later filed a “plea
in intervention” in a case he claims to have nonsuited.  Absent a specific motion for nonsuit of his
entire case, Hegwood has not preserved a complaint for appellate review.  See
Tex. R. App. P. 33.1(a).

          We overrule
issue five.

Conclusion

          We affirm the
trial court’s judgment.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.











[1]           Act of
June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, sec. 74.351(a), 2003 Tex. Gen.
Law 847, 875, amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635,
2005 Tex. Gen. Law 1590 (former Civil Practice and Remedies Code section
74.351(a)).

 





[2]           We
previously held that no final judgment existed and abated the appeal.  Hegwood
v. Am. Habilitation Servs., Inc., 294 S.W.3d 603 (Tex. App.—Houston [1st
Dist.] 2009, order).  The district court
has since signed a final judgment.