COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:  Virg Thomas and Thorp Springs Enterprises, LLC v. Henry Philley, Velma A. Philley, and Martin Amador

Appellate case number:  01-19-00270-CV

Trial court case number:  C2018064

Trial court:  355th District Court of Hood County


The trial court's May 21, 2019 judgment is not final, definite, and appealable because the judgment is conditioned on an act that Henry Philley and Velma A. Philley might or might not take after the judgment becomes final and includes an entirely alternative judgment that is contingent upon their failure to act.

An appellate court generally can only review final and definite judgments. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (per curiam). A final judgment disposes of all issues and parties in the suit. *Id.* The judgment also must be sufficiently definite to define and protect the rights of the parties, or provide a definite means of ascertaining their rights, so that ministerial officers can carry the judgment into execution without having to look outside the judgment. *Id.*; *In re R.J.A.H.*, 101 S.W.3d 762, 763 (Tex. App.—Houston [1st Dist.] 2003, no pet.). For this reason, a judgment cannot condition recovery on uncertain events, or base its validity on what the parties might or might not do post-judgment. *Hinde*, 701 S.W.2d at 639; *Hegwood v. Am. Habilitation Servs.*, 294 S.W.3d 603, 604–05 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (per curiam); *R.J.A.H.*, 101 S.W.3d at 763; *see also Clarent Energy Servs. v. Leasing Ventures*, No. 01-18-00036-CV, 2018 WL 4087003, at *1 (Tex. App.—Houston [1st Dist.] Aug. 28, 2018, no pet.) ("a final judgment cannot be conditional upon future or uncertain events") (mem. op.) (per curiam).

We therefore abate this appeal for 60 days to allow the parties to return to the trial court to obtain the entry of a judgment that is final, definite, and appealable and to

1

supplement the clerk's record to include a copy of the trial court's final, definite, and appealable judgment. *See Hegwood*, 294 S.W.3d at 605.

This appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when a supplemental clerk's record is filed that shows that the trial court has signed a final, definite, and appealable judgment. The parties are notified that if a supplemental clerk's record making this showing is not filed within 60 days, this court may dismiss the appeal for lack of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

It is so ORDERED.

Judge's signature: /s/ Gordon Goodman
                            Acting for the Court


Date:  February 20, 2020