**Reversed and Remanded and Memorandum Majority Opinion filed March 24, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00465-CV

---

### NICOLE FELT, Appellant

### V.

### JERRY W. BAILEY, Appellee

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-73097**

---

### MEMORANDUM MAJORITY OPINION

The issue at the heart of the case is whether a trial court erred in denying a motion for continuance just two weeks into the onset of the COVID-19 pandemic in Texas. Though the factual and procedural history surrounding this appeal are involved and complex, the legal question before us is not.

Appellant Nicole Felt's challenge to the trial court's denial of a continuance is notable because appellee Jerry W. Bailey filed his motions for summary

judgment the same week that the governor issued a disaster proclamation certifying that the COVID-19[1] pandemic posed an imminent threat of disaster to the state.[2] Felt was unrepresented at the time Bailey filed his motions for summary judgment and responded, in part, by filing for a continuance of the hearing on Bailey's summary-judgment motions, arguing that in light of the COVID-19 pandemic she needed additional time to engage new counsel, complete discovery, retrieve documents, and locate notaries and witnesses. The trial court denied the continuance and on the same day granted Bailey's motions for summary judgment. Concluding that the trial court abused its discretion by denying Felt's continuance in the face of extraordinary circumstances, we reverse the judgment of the trial court and remand the case for further proceedings.

## I.    BACKGROUND

The facts and allegations underlying the business dispute between Bailey and Felt are lengthy and involved. This court documented much of the background in deciding *Center Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 518–21 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (*Center Rose Partners*).[3] We describe

---

[1] COVID-19 is a disease caused by a novel coronavirus. *See In re State*, 602 S.W.3d 549, 550–51 (Tex. 2020) (orig. proceeding) (noting virus can cause extreme symptoms, requiring hospitalization, use of ventilator, and long stays in intensive care unit).

[2] On March 13, 2020, Governor Greg Abbott issued a proclamation stating "COVID-19 pose[d] an imminent threat of disaster" in all 254 Texas counties. *See* Tex. Gov. Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2094–95 (2020). On March 19, 2020, the governor issued an executive order closing schools, banning large gatherings, and asking people to limit their public contact and to work from home whenever possible to avoid the spread of COVID-19. *See* Tex. Gov. Exec. Order GA-08, 45 Tex. Reg. 2267, 2271 (2020).

[3] In *Center Rose Partners*, appellant/plaintiff Center Rose Partners, individually and derivatively as a member of Rose Acquisition, LLC filed suit against Jerry Bailey, David Sonnier, and Lloyd Hall, asserting various claims relating to Bailey's management of Rose Acquisition. The defendants moved to compel arbitration arguing that all claims asserted by plaintiff were subject to the arbitration provision contained in Rose Acquisition's membership agreement. *Center Rose Partners*, 587 S.W.3d at 518–21. The trial court compelled arbitration and an arbitration panel issued an award in full resolution of the claims by the parties. *Id*. When

only those background facts pertinent to the determination of Felt's issues in this appeal.

Center Rose Partners, Ltd., received a $2.65 million loan from Capital One, N.A. to fund the purchase of membership units in Rose Acquisition, LLC. The loan was secured, in part, by a note executed by Center Rose Partners, a guaranty from Felt, as well as the membership units in Rose Acquisition. When Bailey became aware that Center Rose Partners had defaulted on the note, he purchased the note from Capital One following which the note and rights to all the collateral were assigned to Bailey. After his purchase, Bailey issued a notice of default to Felt and Center Rose.

In December 2015, Bailey filed suit against Center Rose Partners and Felt seeking to recover the amount Center Rose Partners owed on the note and against Felt as guarantor. Felt asserted a counterclaim against Bailey for breach of contract arguing that Bailey had verbally agreed to guaranty the note but never provided a guaranty. Four months after it was filed, this suit was abated pending the outcome of arbitration in *Center Rose Partners*. Following the issuance of the arbitration award in 2017, this case was reinstated on the trial court's docket in June 2017. The case was again abated in January 2018 pending the appeal of *Center Rose Partners* to this court.[4] Not long after the mandate issued in *Center Rose Partners*,[5]

---

the defendants sought to have the trial court confirm the award, Center Rose Partners opposed the request and David and Nicole Felt filed a petition in intervention on the same basis. *Id*. at 521. David Felt, who is Nicole Felt's father, was an officer of Center Rose Partners and was deeply involved in the controversy between Rose Acquisition, Center Rose Partners, and Bailey. The trial court rendered final judgment on the award, which this court affirmed. *Id*. at 532–33.

[4] Though no written order exists in the record relating to the second abatement, both parties agree that the trial court abated this matter during the pendency of the appeal in *Center Rose Partners*, a separate but related proceeding.

[5] We delivered our opinion in *Center Rose Partners* and rendered our judgment on November 7, 2019, and the clerk issued the mandate on January 16, 2020.

counsel for Center Rose Partners and Felt filed in the trial court motions to withdraw their representation in February 2020.[6] The trial court granted the motions the day after they were filed.

On March 9, 2020, Bailey filed a no-evidence summary judgment on Felt's counterclaim arguing there was no evidence to support Felt's breach-of-contract claim. On March 13, 2020, Bailey also filed a traditional motion for summary judgment on his breach-of-contract and breach-of-guaranty claims against Felt.[7] Both motions were set for consideration by submission.[8]

Responding to the serious public health consequences triggered by the onset of the COVID-19 pandemic, on March 13, 2020, the governor issued a proclamation stating "COVID-19 pose[d] an imminent threat of disaster" in all 254 Texas counties. *See* Tex. Gov. Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2094–95 (2020). The same day, the Supreme Court of Texas issued its First Emergency Order Regarding the COVID-19 State of Disaster. *See* Supreme Court of Texas, First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket Nos. 20-9042, 596 S.W.3d 265 (2020); *see* Tex. Gov't Code Ann. § 22.0035(b) (authorizing supreme court to modify or suspend procedures for conduct of any court proceeding affected by disaster during pendency of disaster

---

[6] The motions to withdraw filed by attorneys from Locke Lord, LLP reflect that counsel was withdrawing from representation of Felt and Center Rose Partners in all four of the related cases arising out of this business dispute.

[7] Bailey specifically sought summary judgment only on his claims against Felt. Though Center Rose Partners was named a defendant, Bailey's claims against Center Rose Partners had already been adjudicated in another proceeding. Therefore, Bailey subsequently took a non-suit of all his claims against Center Rose Partners.

[8] Though the motions were filed electronically, the certificates of service attached to Bailey's motions reflect that Felt and Center Rose Partners received notice of the motion only by regular mail.

declared by governor).[9]

Center Rose Partners and Felt filed a response to Bailey's motion for summary judgment[10] and a motion for continuance.[11] While the summary-judgment response was supported by affidavits from David and Nicole Felt, both notarized in 2017, as well as an unnotarized affidavit from David Felt, an officer of Center Rose Partners, the motion for continuance was not supported by any affidavit or declaration. The trial court denied Felt's continuance and on the same day granted Bailey's traditional and no-evidence motions for summary judgment.[12] Felt filed a "Motion to Reconsider or for New Trial" after retaining new counsel. The trial court denied Felt's motion.

---

[9] Felt did not introduce evidence of the governor's proclamation or the supreme court's First Emergency Order Regarding the COVID-19 State of Disaster in her motion for continuance. However, neither party raises any evidentiary issues regarding these documents on appeal, and we take judicial notice of the governor's proclamation and the supreme court's First Emergency Order. *See* Tex. R. Evid. 201(b), (c).

[10] Felt filed a lengthy response to Bailey's motion for summary judgment. However, the motion addresses only Bailey's traditional motion and does not respond to the no-evidence motion. Though she argues "Mr. Bailey did not disprove any elements of Center Rose's and Ms. Felt's counterclaims," she does not offer any evidence in support of her counterclaim to defeat Bailey's no-evidence summary-judgment motion.

[11] David Felt purported to appear pro se on behalf of Center Rose Partners, a business entity. Because Center Rose Partners is not a party to this appeal, we neither address the propriety of such an appearance, nor have we undertaken to determine if David Felt is licensed to practice law in Texas.

[12] On April 13, 2020, the trial court signed an interlocutory order granting Bailey's no-evidence motion for summary judgment, and another interlocutory order granting Bailey's traditional motion for summary judgment. Although the interlocutory order granting Bailey's traditional motion for summary judgment is captioned as a "Final Summary Judgment," it is not final because it is conditioned on further action to dispose of the entire case. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) ("Although the plaintiffs had filed notice to nonsuit [one of the defendants], the appellate timetable could not be triggered until a signed, written order of the court dismissed him."); *Hegwood v. American Habilitation Servs., Inc.*, 294 S.W.3d 603, 605 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (order expressly conditioned on future events is not final judgment). There was no final judgment until April 23, 2020 when the trial court signed an order acknowledging the non-suit Bailey took against Defendant Center Rose Partners, Ltd. *See* Tex. R. Civ. P. 162.

## II. ANALYSIS

Felt raises two issues on appeal: (1) the trial court erred in denying her continuance of the hearing on Bailey's traditional and no-evidence summary-judgment motions and (2) the trial court erred in granting Bailey's motions for summary judgment.

### A. Standard of review for denial of continuance

The denial of a continuance is reviewed under an abuse-of-discretion standard. *See General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding). The denial will be reversed if the trial court acted without regard to guiding principles or was arbitrary or unreasonable. *See Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

Trial courts may not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251.[13]

> If the ground of such application for continuance be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from another source; and, it if be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other

---

[13] Rule 166a(g) also allows a court to grant a continuance to permit depositions to be taken on a showing that the requesting party "cannot for reasons stated present by affidavit facts essential to justify his opposition." *See* Tex. R. Civ. P. 166a(g). However, Felt did not utilize this procedure.

source . . . .

Tex. R. Civ. P. 252[14]; *Duerr v. Brown*, 262 S.W.3d 63, 78 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("When the basis for the requested continuance is 'want of testimony,' the movant must show that (1) the testimony is material; (2) due diligence has been used to obtain the testimony; (3) there is an explanation given for the failure to obtain the testimony; and (4) the testimony cannot be procured from another source.") (partially summarizing Rule 252). Absence of counsel generally does not establish good cause for a continuance "except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record." Tex. R. Civ. P. 253. Courts consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a continuance seeking additional time to conduct discovery: the length of time the case has been on file; the materiality and purpose of the discovery sought; and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004).

[14] The supreme court's reluctance to make substantive changes to civil procedure after the legislature in 1939 gave the court rulemaking power is reflected in Rule 252's archaic wording, which has not substantively changed in 125 years, including the caption "application for continuance," a term no longer in common use. *See* Act approved Apr. 27, 1897, 25th Leg. R.S., ch. 91, § 2, art. 1278, 1897 Tex. Gen. Laws 117, 117 ("On applying for a continuance, if the ground of such application be the want of testimony, the party applying thereof shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known ; that such testimony can not be procured from any other source ; and if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him ; and he shall also state that the continuance is not sought for delay only, but that justice may be done. Provided, that on a first application for continuance, it shall not be necessary to show that the absent testimony can not be procured from any other source."), *repealed and recodified by* Revised Statutes, 32d Leg., R.S., § 1, art. 1918, § 4, 1911 Tex. Rev. Stat. 2, 425 (codification), 1719 (repealer), *repealed and recodified by* Revised Statures, 39th, Leg. R.S., § 1, art. 2168, § 2, 1925 Tex. Rev. Stat. 2, 585 (codification), 2419 (repealer), *repealed by* Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex. Gen. Laws 201, 201; *see* Tex. R. Civ. P. 252 ("Application for Continuance").

## B. Impact of the COVID-19 pandemic

Felt acknowledges that the normal factors apply to her continuance but argues "the overarching issue here is the statewide disaster declaration that not just effectively, but literally shut down all non-essential services in Texas at the very worst time for Appellant." Felt asks this court to consider "the unique facts and timing of which will likely never be repeated" in determining whether the trial court abused its discretion.

In its First Emergency Order, the supreme court responded to the governor's declaration of disaster by allowing trial courts to take the following actions:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
> > a. Modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending not later than 30 days after the Governor's state of disaster has been lifted[.]

*See* First Emergency Order, *supra*, at 265.

Relying on the First Emergency Order, the Dallas Court of Appeals held the trial court abused its discretion in denying an agreed continuance of discovery deadlines. *See In re Rodriguez*, No. 05-20-00523-CV, 2020 WL 2487061, at *2–3 (Tex. App.—Dallas May 13, 2020, orig. proceeding). In *Rodriguez*, the court recognized that "unique and serious circumstances created by the COVID-19 pandemic require flexibility and adaptability in all aspects of our legal system." *See id*. at *2. The Dallas Court of Appeals subsequently addressed the denial of two continuances in a suit for divorce. *In re Sakyi*, No. 05-20-00574-CV, 2020 WL 4879902, at *3–4 (Tex. App.—Dallas Aug. 20, 2020, orig. proceeding). In *Sakyi*, the court upheld the denial of the first continuance because relator did not supply a

8

reason why he needed a continuance. *Id*. at \*3. However, our sister court concluded the trial court abused its discretion as to the second continuance because it determined that the case was not old, the discovery sought was central to the divorce dispute and that counsel for relator submitted an affidavit describing diligent efforts to obtain the necessary discovery. *Id*. at \*4.

The Eastland Court of Appeals similarly determined that the trial court abused its discretion in denying movant's written and oral requests for continuance after movant's lead counsel was unable to appear in person for the trial due to medical concerns and various technical difficulties prevented lead counsel from effectively representing the movant. *Kinder Morgan Prod. Co., LLC v. Scurry County Appraisal Dist*., 637 S.W.3d 893, 917–19 (Tex. App.—Eastland 2021, pet. filed). Because of the persistent technical problems that plagued movant's lead counsel in his attempts to participate remotely, the court determined that the trial court's denial of the requested continuance was unwarranted because it affected movant's "fundamental right to due process and representation by counsel of its choice." *Id*. at 917.

## C.    Felt's continuance

Felt argued a continuance was warranted because she and Center Rose Partners did have not an opportunity to conduct any discovery, depositions, interrogatories or amend their pleadings after the case was abated. Because of the COVID-19 pandemic, Felt stated she needed additional time to engage counsel, complete discovery, locate notaries and prepare for trial. Therefore, she urged a continuance of the April 2020 hearing to June 2020. Bailey opposed the continuance arguing it (1) was procedurally defective, (2) did not articulate a legitimate need for additional time to conduct discovery, and (3) did not reflect that the withdrawal of counsel a month before trial justified a continuance. The trial

9

court denied Felt's motion for continuance of the hearing on Bailey's summary-judgment motion.

Pro se litigants must comply with all applicable rules of procedure and substantive law. *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (explaining that courts may not stray from procedural rules simply because litigant is self-represented); *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (same). However, we do construe pro se pleadings and briefs liberally. *Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Felt's continuance was not supported by an affidavit as required by Rule 251. However, Felt noted that the pandemic affected her ability to respond to the motions for summary judgment in accordance with the rules. She also explained because of the closures of all non-essential businesses and the Harris County stay-at-home order[15] she was unable to meet with counsel, obtain and retrieve documents, or even locate available notaries public. Bailey points out that Texas statutes permit online notarization as well as the use of unsworn declarations.[16] However, because Felt was a lay movant it would be unrealistic to apply the normal presumption that the trial court did not abuse its discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986) ("It would be unrealistic, however, to apply this presumption to lay movants who without fault have their attorney withdrawn.").

In *Villegas*, the supreme court further explained that "[t]he right to counsel is a valuable right; its unwarranted denial is reversible error." *Id*. at 626. The trial

---

[15] We also take judicial notice of the "stay-at-home" order issued by the Harris County Judge on March 24, 2020. The order required "all individuals in Harris County, to stay at home—except for certain Essential Activities and work." *See* Stay Home, Work Safe Order, Harris County, Tex. (March 24, 2020), https://agenda.harriscountytx.gov/COVID19Orders.aspx.

[16] *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 ("unsworn declaration may be used in lieu of a[n] . . . affidavit required by statute or required by a rule, order, or requirement").

court should afford a "party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial." *Id*. In *Villegas*, the plaintiff learned his counsel planned to withdraw six days before trial and the trial court allowed counsel to withdraw two days before trial on the basis there were irreconcilable differences between plaintiff and his counsel. *Id*. at 625–26. After determining that the plaintiff was not negligent or at fault in causing his counsel's withdrawal, the supreme court held that the trial court abused its discretion and remanded for a new trial.[17] *Id*. at 626–27.

The motion to withdraw indicated that Felt was sent a copy of a draft motion to withdraw on January 16, 2020 as well as a copy of the final motion filed February 19, 2020 with no response from Felt. Felt's continuance offers no explanation of any efforts she undertook to retain counsel before Bailey filed his motions for summary judgment. Though Felt should have been aware of her counsel's intent to withdraw at least two months before Bailey filed his motions for summary judgment, it is also notable that the unopposed motion to withdraw specifically states the case was still subject to abatement following the appeal of the arbitration award.

---

[17] Felt's counsel did not offer a specific explanation for their withdrawal but generally invoked Texas Disciplinary Rule 1.15. Tex. Disciplinary Rules Prof'l Conduct R. 1.15, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, App. A (Tex. State Bar R. art. X, § 9). Rule 1.15 addresses the circumstances that justify the withdrawal of an attorney from representation of a client and covers a broad array of circumstances including nonpayment of services (financial hardship), failure of the client to fulfill an obligation to the lawyer, fundamental disagreement about objectives, concern on the part of the lawyer that the client is pursuing criminal or fraudulent action, or for other good cause. Tex. Disciplinary Rules Prof'l Conduct R. 1.15(b).

Felt also offered no explanation of the reason for her counsel's' withdrawal in her motion for continuance. Bailey emphasizes that it was Felt's second set of lawyers that withdrew in February 2020. However, there is no evidence before us that the withdrawal of Felt's counsel was the result of her negligence or fault.

We also note the trial court sustained all of Bailey's objections to all ten documents offered by Felt in support of her response to Bailey's summary-judgment motions. All of Felt's documents were excluded on the basis that they were "hearsay and irrelevant," which was likely because none of the affidavits supporting Felt's summary-judgment response established the admissibility of her documents.

The length of time appropriate for a party to retain new counsel after the withdrawal of counsel will vary on a case-by-case basis. *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161 ("we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis"). Based on the extraordinary circumstances confronting Felt due to the COVID-19 pandemic and the procedural posture of the case, the trial court should have granted a continuance and delayed consideration of Bailey's summary-judgment motions such that Felt had a reasonable time to retain counsel to represent her in responding to the motions for summary judgment. In denying Felt's continuance, the trial court denied Felt the right to representation by counsel.

The timing of the onset of the COVID-19 pandemic so quickly after the reinstatement of the case made the denial of a continuance arbitrary and unreasonable. Felt describes in her briefing that this appeal involves "unique facts and timing of which will likely never be repeated." We sustain her first issue.

## D.     CONCLUSION

Because we hold that the trial court abused its discretion in denying Felt's application for continuance, we need not address appellant's second issue on appeal in which she asserts the trial court erred in granting Bailey's motions for summary judgment. Tex. R. App. P. 47.1. We reverse the judgment of the trial court in favor of appellee Jerry Bailey and remand the case to the trial court for further proceedings.

/s/     Charles A. Spain
         Justice

Panel consists of Justices Wise, Spain, and Hassan. (Wise, J., concurring without opinion).